UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

File No. _____

| | |
|---|---|
| JF FITNESS OF RICHMOND, LLC; JF FITNESS OF GLENEAGLES, LLC; JF FITNESS 3600, LLC; JF FITNESS OF VIRGINIA, LLC; FITNESS PARTNERS OF CAMERON VILLAGE, LLC; FITNESS PARTNERS OF BALLANTYNE, LLC; AND FITNESS PARTNERS OF CREEDMOOR, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> NOVA CASUALTY COMPANY, <br><br> Defendant. | **NOTICE OF REMOVAL** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA:

Pursuant to 28 U.S.C. §§ 1441 and 1446 and 28 U.S.C. § 1332 and Rule 81 of the Federal Rules of Civil Procedure, Nova Casualty Company ("Nova" or "Defendant"), a foreign corporation, by and through undersigned counsel, hereby files this Notice of Removal of this case from the General Court of Justice, Superior Court Division, Wake County, North Carolina ("Superior Court"), to the United States District Court for the Eastern District of North Carolina, Western Division. In support of this Notice, Defendant states as follows:

1. This action is a civil action, and was commenced by Plaintiffs on March 11, 2021 with the filing and issuance of Summons and a Complaint, in the North Carolina General Court of Justice, Superior Court Division for Wake County, captioned "*JF Fitness of Richmond, LLC;*

1

*JF Fitness of Gleneagles, LLC; JF Fitness 3600, LLC; JF Fitness of Virginia, LLC; Fitness Partners of Cameron Village, LLC; Fitness Partners of Ballantyne, LLC; and Fitness Partners of Creedmoor, LLC v. Nova Casualty Company*" Case No. 21-CV-003466. A copy of the Summons issued by the Superior Court and the Complaint (including Exhibits A-E) filed by the Plaintiffs are attached hereto as **Exhibit 1**.

2. On March 18, 2021, a Special Deputy appointed by the North Carolina Commissioner of Insurance under N.C. Gen. Stat. § 58-16-30 to accept service of process, accepted service of the Summons and Complaint on behalf of Nova. A copy of the Summons and Complaint was forwarded to Nova by letter dated March 22, 2021.

3. In accordance with 28 U.S.C. § 1441, the United States District Court for the Eastern District of North Carolina, Western Division is the district court of the United States for the district and division embracing the place where this action is now pending, and thus venue is proper in this district court.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b). The time for filing this Notice of Removal has not yet expired. Defendant has not filed a pleading in the Superior Court in this action.

5. Removal of this civil action is based upon 28 U.S.C. § 1441. The action is brought in a state court of which the district courts have original jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction).

6. Plaintiffs are franchisees of the Crunch Fitness chain of fitness clubs and own and operate seven different Crunch Fitness workout facilities located in North Carolina and Virginia (collectively, the "Facilities"). (Compl. ¶¶ 1-2; 12-18).

7. Plaintiffs allege that they were required to close their Facilities pursuant to a

series of "Executive Orders" as that term is defined in Paragraph 25 of the Complaint, which were issued by the Governors of North Carolina and Virginia and by County officials in Wake and Mecklenburg Counties in North Carolina. (*Id.* ¶¶ 22-28).

8. The Executive Orders referenced in the Complaint were issued by government authorities in response to the COVID-19 pandemic.

9. Plaintiffs allege that they suffered and continue to suffer interruption to their businesses and loss of income as a result of the Executive Orders. (*Id.* ¶ 28).

10. Plaintiffs allege that Plaintiffs JF Fitness of Richmond, LLC ("JF Richmond"), JF Fitness of Gleneagles, LLC ("JF Gleneagles"), JF Fitness 3600, LLC ("JF 3600"), and JF Fitness of Virginia, LLC ("JF Virginia") were insured under Nova Policy No. FIT-ML-10000258-02 for the period of August 15, 2019 to August 15, 2020 attached to the Complaint as Exhibit A and referred to in the Complaint as the "JF Richmond Policy." (*Id.* ¶ 30).

11. Plaintiffs allege that Plaintiffs Fitness Partners of Cameron Village, LLC ("FP Cameron Village"), Fitness Partners of Ballantyne, LLC ("FP Ballantyne"), and Fitness Partners of Creedmoor, LLC ("FP Creedmoor") were insured under Nova Policy No. FIT-ML-10000465-01 for the period of August 31, 2019 to August 31, 2020 attached to the Complaint as Exhibit B and referred to in the Complaint as the "FP Cameron Village Policy." (*Id.* ¶ 31).

12. The JF Richmond Policy and the FP Cameron Village Policy are referred to collectively herein as the "Policies."

13. Plaintiffs allege that they made claims under the Policies for losses allegedly suffered as a result of the Executive Orders (the "Claims") and allege that Defendant denied Plaintiffs' Claims on September 14, 2020. (*Id.* ¶¶ 44-45).

14. Following Defendant's denial of Plaintiffs' Claims, Plaintiffs filed suit against

Defendant seeking declaratory relief (Count Three) and damages for breach of contract (Counts One and Two). (*Id.* ¶¶ 78-99).

15. Plaintiffs specifically seek to recover lost business income that they allegedly sustained as a result of the Executive Orders pursuant to the Business Income and Civil Authority coverage provisions of the Policies and specifically seek declaratory relief that they are entitled to recover such lost business income under the Policies. (*Id.* ¶¶ 78-99).

16. Based upon the allegations in the Complaint and information available to it, Nova has a good faith belief that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. "When a plaintiff's claims arise from a single controversy, it is appropriate to aggregate those claims to meet the jurisdictional amount." *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1204 (4th Cir. 1979). Plaintiffs' claims all arise from a single controversy: Plaintiffs' allegations that all of the Facilities suffered lost business income as a result of the Executive Orders, and Plaintiffs' allegations that they are entitled to recover lost business income for each of the seven separate Facilities pursuant to the Business Income and Civil Authority provisions in the Policies. (Compl. ¶¶ 28, 78-99). The Declarations page for the JF Richmond Policy provides business income coverage of up to $1,000,000 for each of the four Facilities that are allegedly covered under said Policy. *See id.*, Ex. A. The Declarations page for the FP Cameron Village Policy provides business income coverage of up to $500,000 for each of the three Facilities that are allegedly covered under said Policy. *See id.*, Ex. B. In total, the aggregate amount of coverage that is potentially allegedly available to the Plaintiffs for lost business income under the Policies is $5,500,000.

17. This matter is between citizens of different states, and thus there is complete diversity of citizenship between Plaintiffs and Defendant in this action.

18. At the time of the commencement of this action, Plaintiff JF Richmond was a Virginia limited liability company with a principal place of business in Richmond, Virginia, and operated a fitness center in Richmond, Virginia. (Compl. ¶ 12).

19. At the time of the commencement of this action, Plaintiff JF Gleneagles was a Virginia limited liability company with a principal place of business in Richmond, Virginia, and operated a fitness center in Richmond, Virginia. (*Id.* ¶ 13).

20. At the time of the commencement of this action, Plaintiff JF 3600 was a Virginia limited liability company with a principal place of business in Richmond, Virginia, and operated a fitness center in Richmond, Virginia. (*Id.* ¶ 14).

21. At the time of the commencement of this action, Plaintiff JF Virginia was a Virginia limited liability company with a principal place of business in Richmond, Virginia, and operated a fitness center in Richmond, Virginia. (*Id.* ¶ 15).

22. At the time of the commencement of this action, Plaintiff FP Cameron Village was a Virginia limited liability company with a principal place of business in Richmond, Virginia, and operated a fitness center in Raleigh, North Carolina. (*Id.* ¶ 16).

23. At the time of the commencement of this action, Plaintiff FP Ballantyne was a Virginia limited liability company with a principal place of business in Richmond, Virginia, and operated a fitness center in Charlotte, North Carolina. (*Id.* ¶ 17).

24. At the time of the commencement of this action, Plaintiff FP Creedmoor was a Virginia limited liability company with a principal place of business in Richmond, Virginia, and operated a fitness center in Raleigh, North Carolina. (*Id.* ¶ 18).

25. Plaintiffs are all limited liability companies. "A limited liability company is a citizen of the place where each of its members are citizens." *Gen. Tech. Apps., Inc. v. Exro Ltda.*,

5

388 F.3d 114, 121 (4th Cir. 2004). Though the exact identities of Plaintiffs' members is currently unknown to Defendant, Defendant's counsel reached out to Plaintiffs' counsel and confirmed that the citizenship of all members of the seven LLC Plaintiffs is limited to only three States: North Carolina, Virginia and Florida. A copy of the correspondence between counsel for Defendant and counsel for Plaintiffs confirming the citizenship of Plaintiffs' respective members is attached hereto as **Exhibit 2**.

26. At the time of the commencement of this action and at the present time, Defendant Nova was and is a corporation organized and existing under the laws of the State of New York with its principal place of business in Buffalo, New York (Compl. ¶ 19), a state other than any of the States where Plaintiffs are deemed to be citizens: North Carolina, Virginia and Florida. Therefore, complete diversity exists in this action.

27. In accordance with 28 U.S.C. § 1446(d), after the filing of this Notice of Removal, Defendant will give written notice thereof to Plaintiffs and will file a copy of this Notice with the Clerk of the Superior Court, Wake County, North Carolina.

WHEREFORE, Defendant hereby removes this action, from the General Court of Justice, Superior Court Division, Wake County, North Carolina, to the United States District Court for the Eastern District of North Carolina, Western Division.

6

NPGBO1:3366767.1

Case 5:21-cv-00178-FL   Document 1   Filed 04/16/21   Page 6 of 8

This the 16th day of April, 2021.

                NEXSEN PRUET, PLLC

                /s/ Jonathan W. Massell
                James W. Bryan
                N.C. State Bar No. 16575
                jbryan@nexsenpruet.com
                Jonathan W. Massell
                N.C. State Bar No. 46235
                jmassell@nexsenpruet.com
                NEXSEN PRUET, PLLC
                4141 Parklake Ave., Suite 200
                Raleigh, NC 27612
                Telephone: (919) 573-7447
                Facsimile:  (919) 573-7458
                *Attorneys for Defendant*
                *Nova Casualty Company*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **NOTICE OF REMOVAL** was duly served upon those set forth below in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure by depositing it in the United States Mail, first-class postage prepaid, addressed as follows:

William P. Barrett
N.C. State Bar No. 19545
wbarrett@barrettlawoffices.com
Josh Krasner
N.C. State Bar No. 19132
jkrasner@barrettlawoffices.com
Barrett Law Offices, PLLC
5 West Hargett Street, Suite 910
Raleigh, North Carolina 27601

Maria G. Enriquez
Il. Bar No. 6190056
menriquez@jaszczuk.com
Margaret Schuchardt
Il. Bar No. 6283008
mschuchardt@jaszczuk.com
Jaszczuk P.C.
30 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
*Attorneys for Plaintiffs*

This the 16th day of April, 2021.

NEXSEN PRUET, PLLC

/s/ Jonathan W. Massell
James W. Bryan
N.C. State Bar No. 16575
jbryan@nexsenpruet.com
Jonathan W. Massell
N.C. State Bar No. 46235
jmassell@nexsenpruet.com
NEXSEN PRUET, PLLC
4141 Parklake Ave., Suite 200
Raleigh, NC 27612
Telephone: (919) 573-7447
Facsimile: (919) 573-7458
*Attorneys for Defendant*
*Nova Casualty Company*

8